1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CALIFORNIA ASSOCIATION FOR THE            No.  1:20-cv-01294-DAD-SAB
      PRESERVATION OF GAMEFOWL,
12
                   Plaintiff,
13                                              ORDER GRANTING DEFENDANT'S
            v.                                  MOTION TO DISMISS
14
      COUNTY OF STANISLAUS,                      (Doc. No. 7)
15
                   Defendant.
16

17          This matter is before the court on the motion to dismiss filed on behalf of defendant

18   County of Stanislaus pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 7.)

19   Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-

20   19 pandemic, defendant's motion was taken under submission on the papers.  (Doc. No. 8.)  For

21   the reasons explained below, the court will grant defendant's motion to dismiss.[1]

22   /////

23   _____

24   [1]  The undersigned apologizes for the excessive delay in the issuance of this order.  This court's
     overwhelming caseload has been well publicized and the long-standing lack of judicial resources
25   in this district long-ago reached crisis proportion.  That situation, which continued unabated for
     over twenty-two months but has now been partially addressed by the U.S. Senate's confirmation
26   of a new district judge for this court on December 17, 2021, left the undersigned presiding over
     1,300 civil cases and criminal matters involving 735 defendants at last count.  Unfortunately, that
27   situation sometimes results in the court not being able to issue orders in submitted civil matters
     within an acceptable period of time.  This situation has been frustrating to the court, which fully
28   realizes how incredibly frustrating it is to the parties and their counsel.

                                                1

1

**BACKGROUND**

2          Plaintiff California Association for the Preservation of Gamefowl ("CAAPG") filed its

3    complaint for declaratory and injunctive relief on September 9, 2020.  (Doc. No. 1.)  Therein,

4    plaintiff alleges the following.

5          CAAPG is a non-profit, incorporated association whose mission includes bonding

6    together gamefowl lovers.  (*Id.* at ¶ 8.)  In September 2017, Stanislaus County's Department of

7    Planning and Community Development proposed changes to the county zoning laws in an effort

8    to prevent unlawful and nuisance activity related to roosters.  (*Id.* at ¶ 12.)  Those changes were

9    proposed and adopted as § 21.12.530 of the Stanislaus County Zoning Ordinance and essentially

10   eliminated any non-commercial right to own roosters.  (*Id.* at ¶¶ 11–13.)  This prohibition was

11   also made fully retroactive upon enactment.  (*Id.* at ¶ 15.)  The ordinance was adopted on October

12   17, 2017, and became effective on November 16, 2017.  (*Id.* at ¶ 13.)  CAAPG contends that

13   Stanislaus County's zoning ordinance "infringes on the rights of its constituent members and

14   those similarly situated" and accordingly seeks a declaratory judgment that the zoning

15   amendments are unconstitutional.  (*Id.* at ¶ 18.)  Moreover, CAAPG seeks injunctive relief

16   because damages would not fully redress the harm plaintiff's members suffered.  (*Id.* at ¶ 19.)

17   Based on the foregoing, plaintiff asserts the following four causes of action pursuant to 42 U.S.C.

18   § 1983:  (1) a claim for unlawful regulatory taking in violation of the Fifth and Fourteenth

19   Amendments; (2) a claim for violation of plaintiff's substantive due process rights under the

20   Fourteenth Amendment; (3) a claim for violation of plaintiff's procedural due process rights

21   under the Fourteenth Amendment; and (4) a claim for illegal forfeiture of vested property rights

22   in violation of the Fifth and Fourteenth Amendments.  (*Id.* at 7–10.)

23          On October 29, 2020, defendant filed a motion to dismiss plaintiff's complaint, in part

24   arguing that plaintiff's claims are time barred.  (Doc. No. 7–1.)  On December 1, 2020, plaintiff

25   filed its opposition to the pending motion to dismiss.  (Doc. No. 10.)  On December 8, 2020,

26   defendant filed its reply thereto.  (Doc. No. 12.)

27   /////

28   /////

2

1

**LEGAL STANDARD**

2        The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

3 sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

4 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of

5 sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901

6 F.2d 696, 699 (9th Cir. 1990). A claim for relief must contain "a short and plain statement of the

7 claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8(a)

8 does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state

9 a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

10 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "A claim has facial plausibility when the

11 plaintiff pleads factual content that allows the court to draw the reasonable inference that the

12 defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In determining whether a

13 complaint states a claim on which relief may be granted, the court accepts as true the allegations

14 in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon*

15 *v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir.

16 1989). It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or

17 that the defendants have violated the . . . laws in ways that have not been alleged." *Associated*

18 *Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

19

**DISCUSSION**

20 **A.      Statute of Limitations**

21        Defendant's first and primary argument is that CAAPG's challenges to the zoning

22 ordinance are barred by the applicable statute of limitations. (Doc. No. 7-1 at 5.) A statute of

23 limitations defense may be raised in a Rule 12(b)(6) motion only if the running of the statute is

24 apparent on the face of the complaint. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th

25 Cir. 2006). "Dismissal on statute of limitations grounds can be granted pursuant to Fed. R. Civ.

26 P. 12(b)(6) 'only if the assertions of the complaint, read with the required liberality, would not

27 permit the plaintiff to prove that the statute was tolled.'" *TwoRivers v. Lewis*, 174 F.3d 987, 991

28 (9th Cir. 1999) (internal citations omitted). "Where a party alleges in a motion to dismiss that an

1   action is barred under the statute of limitations, the court's task is only to determine whether the

2   claimant has pleaded facts that show it is time barred." *Joe Hand Promotions Inc. v. Gonzalez*,

3   423 F. Supp. 3d 779, 782 (D. Ariz. 2019).

4          Defendant correctly states that 42 U.S.C. § 1983—which forms the basis of each of

5   plaintiff's claims—does not have its own statute of limitations.  (*Id.*) (citing *Butler v.  Nat'l Cmty.*

6   *Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014)).  Actions brought under § 1983 are

7   generally governed by the forum state's statute of limitations for personal injury actions.  *Jones v.*

8   *Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).  In California, a two-year statute of limitations applies.

9   *See* Cal. Civ. Proc. Code § 335.1; *Jones*, 393 F.3d at 927.

10         Defendant, however, asserts that the applicable statute of limitations for this action is

11  instead governed by California Government Code § 65009.  (*Id.*)  California Government Code

12  § 65009 requires that "no action or proceeding shall be maintained . . . by any person unless the

13  action or proceeding is commenced and service is made on the legislative body within 90 days

14  after the legislative body's decision" if the action is to "attack, review, set aside, void, or annul

15  the decision of a legislative body to adopt or amend a zoning ordinance" or "to determine the

16  reasonableness, legality, or validity of any decision to adopt or amend any regulation attached to a

17  specific plan."  Cal. Gov. Code § 65009(c)(1)(B)-(C).

18         The court is not persuaded, however, that the 90-day statute of limitations set forth in §

19  65009 is applicable here.  Although it appears that § 65009 *could* apply based on its language, the

20  California Supreme Court has warned against applying the 90-day limit in the context of certain

21  constitutional challenges.  *See Travis v. County of Santa Cruz*, 33 Cal. 4th 757, 770 (2004).  As

22  the California Supreme Court in *Travis* reasoned:

23              [i]f a preempted or unconstitutional zoning ordinance could not be
                challenged by a property owner in an action to prevent its
24              enforcement within 90 days of its application (§ 65009, subd.
                (c)(1)(E)), but instead could be challenged only in an action to void
25              or annul the ordinance within 90 days of its enactment (*id.*, subd.
                (c)(1)(B)), a property owner subjected to a regulatory taking through
26              application of the ordinance against his or her property would be
                without remedy unless the owner had had the foresight to challenge
27              the ordinance when it was enacted, possibly years or even decades
                before it was used against the property.
28

                                                    4

1    *Id.*  Admittedly, this logic appears to primarily concern "as-applied" constitutional challenges, as

2    opposed to facial challenges.  Here plaintiff has brought both facial and as-applied challenges to

3    the zoning ordinance at issue, meaning that plaintiff's complaint alleges that the zoning ordinance

4    is unconstitutional on its face as well as in how it applies to plaintiff's individual members.  (Doc.

5    No. 1 at ¶ 17.)  The court recognizes that plaintiff has failed to cite any authority for the

6    proposition advanced in support of its opposition to the pending motion that § 65009 does not

7    apply to constitutional claims.  (*See* Doc. No. 12 at 3.)  But, by the same token, neither has

8    defendant cited to any persuasive authority for the proposition that § 65009 *would* apply to all

9    constitutional claims brought pursuant to § 1983, as opposed to the two-year personal injury

10   statute of limitations referenced above.  Evidently, the law with respect to § 65009's application

11   to constitutional challenges—both facial and as-applied—is murky.  Fortunately, the court need

12   not resolve that issue because here plaintiff's claims are time-barred regardless of which statute of

13   limitations applies since plaintiff filed its complaint in this action well over two-years after the

14   zoning ordinance's enactment.  Rather than add further confusion to § 65009's applicability, the

15   court will dismiss this action based on the two-year statute of limitations, without deciding how

16   or if the 90-day statute of limitations under § 65009 is applicable here.

17       The applicable limitations period runs from accrual of the claim(s), which occurs when

18   plaintiff has a complete and present cause of action.  *Flynt v. Shimazu*, 940 F.3d 457, 462 (9th

19   Cir. 2019).  The complaint now before the court was filed on September 9, 2020.  (Doc. No. 1.)

20   To be timely, each cause of action asserted in that complaint must have accrued between

21   September 9, 2018, and September 9, 2020.

22       As noted above, plaintiff has asserted four causes of action, all brought pursuant to § 1983

23   for alleged constitutional violations.  Although plaintiff alleges each claim both facially and as-

24   applied, plaintiff offers no factual allegations suggesting that the as-applied challenges accrued

25   any later than the date the ordinance was enacted.  Indeed, plaintiff argues elsewhere in its brief in

26   opposition to the pending motion that this action is ripe for decision because "[w]here an

27   ordinance renders an activity absolutely illegal and does not permit a variance, one does not need

28   to be sought to establish finality.  An ordinance that is 'unconditional and permanent' does not

5

require action to demonstrate finality.'" (Doc. No. 10 at 9) (quoting *Vacation Village, Inc. v. Clark County, Nevada*, 498 F.3d 902, 912 (9th Cir. 2007)).  Furthermore, under federal law, the statute of limitations begins to run when a potential plaintiff knows or has reason to know of the asserted injury.  *Action Apartment Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026–27 (9th Cir. 2007).  Here, in its complaint, plaintiff alleges that the zoning ordinance was unconstitutional the moment it was enacted.  (Doc. No. 1 at ¶ 15.)  Nothing alleged in the complaint suggests plaintiff was not immediately aware of the ordinance.  In fact, plaintiff appears to have filed objections to the ordinance during the Stanislaus County Department of Planning and Community Development's deliberations regarding adoption of the ordinance.  (*Id.* at 32–34.)  Lastly, plaintiff has not alleged in its complaint that the ordinance has been enforced against its members.  Allegations of such enforcement would almost certainly be necessary to support an as-applied claim that accrued within the statute of limitations.  Without allegations that plaintiff's members were in fact penalized under the ordinance, the only possible injury to plaintiff or its members stems from the ordinance's enactment over two-years before the filing of the complaint in this action.  In moving to dismiss, defendant even points out that it has not yet enforced the ordinance and nonetheless plaintiff has failed to address that argument.  (*See* Doc. No. 7-1 at 2, 10.)

All of the claims that plaintiff brings are, at the very least, subject to the two-year statute of limitations since each is alleged pursuant to § 1983.  *See, e.g.*, *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 689 n.4 (9th Cir. 1993) (applying § 1983 statute of limitations to regulatory takings claim); *Lull v. County of Placer*, No. 2:19-cv-02444-KJM-AC, 2020 WL 1853017, at *8 (E.D. Cal. Apr. 13, 2020) (applying two-year bar to procedural due process claim); *Ambrose v. Coffey*, No. 08-cv-1664-LKK, 2012 WL 5398046, at *5 (E.D. Cal. Nov. 2, 2012) (applying two-year time bar to a substantive due process claim).  Based on the facts alleged in the complaint, plaintiff's claims accrued on November 16, 2017, the date the challenged ordinance was enacted. (Doc. No. 1 at ¶ 1.)  Plaintiff's claims became time-barred on November 16, 2019.  Yet plaintiff did not file its complaint in this action until September 9, 2020, well after the arguably broadest

/////

6

1   applicable statute of limitations had expired.  (*See id*.)  Accordingly, the court will grant

2   defendant's motion to dismiss plaintiff's complaint as time-barred.

3   **B.       Leave to Amend**

4          Plaintiff has sought leave to amend its complaint.  (Doc. No. 10 at 13.)  Generally,

5   "[c]ourts are free to grant a party leave to amend whenever 'justice so requires,' and requests for

6   leave should be granted with 'extreme liberality.'"  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972

7   (9th Cir. 2009).  There are several factors a district court considers in whether to grant leave to

8   amend, including undue delay, the movant's bad faith or dilatory motive, repeated failure to cure

9   deficiencies by amendments previously allowed, undue prejudice to the opposing party, and

10  futility.  *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Foman v.*

11  *Davis*, 371 U.S. 178, 182 (1962)).

12         The main factor the court will consider here in deciding whether to grant leave to amend

13  is the potential futility of plaintiff's claims.  Nothing before the court suggests bad faith, repeated

14  failure to cure, or undue delay on the part of plaintiff.  Nor does anything suggest that defendant

15  would be prejudiced by the court granting leave to amend.  However, based on the facts alleged in

16  the complaint, it appears clear that none of plaintiff's claims accrued within any arguably

17  applicable statute of limitations, suggesting that any amended complaint would prove futile.

18  Nevertheless, in an abundance of caution, the court will grant plaintiff leave to amend its

19  complaint.  The court does so in part because of the potential that plaintiff could allege an as-

20  applied substantive due process challenge.  *See Levald*, 998 F.2d at 691.  The court emphasizes,

21  however, that at this point, plaintiff has alleged no facts suggesting such a claim can be stated

22  which would be timely filed within the two-year limitations period.  Plaintiff is therefore warned

23  that it should only file a first amended complaint if it can do so in good faith.

24  /////

25  /////

26  /////

27  /////

28  /////

1

**CONCLUSION**

2          For the reasons set forth above,

3          1.          Defendant's motion to dismiss (Doc. No. 7) is granted without prejudice to

4                      plaintiff's filing of an amended complaint; and

5          2.          Any amended complaint, or notice that no amended complaint will be filed, shall

6                      be filed within twenty-one (21) days from the issuance of this order.

7    IT IS SO ORDERED.

8          Dated:    **February 6, 2022**

9                                                          UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8