Kevin G. Little (SBN 149818)
**LAW OFFICE OF KEVIN G. LITTLE**
Post Office Box 8656
Fresno, California 93747
Telephone:     (559) 342-5800
Facsimile:      (559) 242-2400
E-Mail: kevin@kevinglittle.com

Attorneys for Plaintiff-Petitioner
CALIFORNIA ASSOCIATION FOR
THE PRESERVATION OF GAMEFOWL

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| CALIFORNIA ASSOCIATION FOR THE PRESERVATION OF GAMEFOWL,<br><br>Plaintiff-Petitioner,<br><br>v.<br><br>COUNTY OF STANISLAUS,<br><br>Defendant-Respondent. | Case No. 1:20-cv-01294-DAD-SAB<br><br>FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF<br>*42 U.S.C. § 1983; Declaratory Judgment Act; Cal. Code Civ. Pro. §§ 1060, et seq.*<br><br>*JURY TRIAL DEMANDED* |

TO THE HONORABLE COURT:

Plaintiff-Petitioner, the California Association for the Preservation of Gamefowl, hereby makes the following amended allegations against the Defendant-Respondent, the County of Stanislaus. This amended complaint is being filed in accordance with the Court's Order Granting Defendant\s Motion to Dismiss.  Doc. No. 18.  The amended allegations are in bold text.

**INTRODUCTION**

1.     Effective November 16, 2017, the County of Stanislaus made it unlawful for anyone other than a commercial farmer to own a rooster, even if their ownership was responsible, in compliance with other laws, and caused no inconvenience to anyone else in the community.

2.     Additionally, as of November 16, 2017, this ordinance became fully retroactive and outlawed the ownership of roosters by county residents without any exemption that would account for

---

FIRST AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

pre-existing, legitimate uses that predate the ordinance's enactment. As of this retroactive date, law-abiding rooster owners were obligated to destroy or get rid of their roosters, which only served to take beloved animals out of the possession of those who respect and appreciate them and render them even more available to those inclined to abuse animals and violate the law.

3. Stanislaus County's 2017 ordinance amendment sought to prohibit that which was already illegal and actionable – cockfighting and nuisance activity – but it trampled over the well-established property rights of law-abiding citizens in the process.

4. Because Stanislaus County has violated the constitutional and state law rights of its residents, and also because federal law prohibits such sweeping legislation, CAAPG brings this action seeking declaratory and injunctive relief. CAAPG also seeks similar relief under California state law.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this matter pursuant to 28 US.C. §§ 1331, 1343, and 1367, as it arises under the federal civil rights laws and also include supplemental state law claims. This Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S. §§ 2200, *et seq*.

6. This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), as the events giving rise to this action occurred within this judicial district.

7. Exhaustion of state administrative remedies is not required under the California Tort Claims Act, California Government Code §§ 900, *et seq*., since this action seeks equitable relief and not an award of monetary damages. *See* California Government Code § 905.

**PARTIES**

8. Plaintiff-Petitioner the California Association for the Preservation of Gamefowl (CAAPG) is a non-profit, incorporated association that has as its mission the bonding together of lovers of gamefowl in order to perpetrate and improve the species, to provide standards for the maintenance and improvement of various strains of gamefowl, to hold shows throughout the State of California to give members opportunities to show and test their birds against the highest standards, to educate members regarding improved methods for health, breeding, caring and protecting gamefowl, and to protect the legal rights of its constituent members to breed, raise and enjoy their gamefowl peaceably and lawfully. CAAPG holds annual conventions and also sponsors shows during the year. CAAPG is an affiliate of the national United Gamefowl Breeders Association. CAAPG is based in

FIRST AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF            - 2 -

Sonora, California, but its members reside statewide, including in Stanislaus County. CAAPG asserts it has representative standing under applicable federal and state law to seek the declaratory, injunctive and equitable relief requested herein, on behalf of its constituent members who live in Stanislaus County.

**9.     CAAPG's Stanislaus County membership includes persons who have become subject to the challenged ordinance since September 9, 2018, persons who have desisted form their protected activities within that same time period, as well as those who currently are in violation of the law due to their present and continuing disobedience of said ordinance and its ongoing enforcement since it was enacted. This action was filed less than two years after a CAAPG member became subject to its enforcement, less than two years after CAAPG members were harmed by the ordinance, and also less than two years since the ordinance's continued enforcement. These claims are therefore timely despite the 2017 enactment date of the subject ordinance. See *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 688 (9th Cir. 1993) (the statute of limitations of a statute is based on its enforcement date, not its enactment date); *Kuhnle Brothers, Inc. v. County of Geauga*, 103 F.3d 516, 518, 522 (6th Cir. 1997) ("[t]he continued enforcement of an unconstitutional statute cannot be insulated by the statute of limitations" and a statute "does not become immunized from legal challenge for all time merely because no one challenges it within two years of its enactment"). Moreover, CAAPG's membership are having their rights denied each day the challenged ordinance remains in effect to the extent that it continues to outlaw their protected activities, and they risk legal sanction due to its continued validity. *See Gutowsky v. County of Placer*, 108 F.3d 256, 259 (9th Cir. 1997); *Maldonado v. Harris*, 370 F.3d 945, 956 (9th Cir. 2004); *Pouncil v. Tilton*, 704 F.3d 568, 581 (9th Cir. 2012) (holding that constitutional and statutory claims were not barred by the statute of limitations where the defendant committed continuing acts within the limitations period, even if said acts related to a preexisting policy of which the plaintiff was aware and subject to outside the limitations period); *see also Flynt v. Shimazu, 940 F.3d 457, 464 (9th Cir. 2019) (the continued existence of a statute, even if enacted outside the limitations period, and the realistic threat of future enforcement is sufficient to render a facial challenge to the statute timely); Kuhnle Brothers*, 103 F.3d at 521-522 (finding that the plaintiff "suffered a new deprivation of constitutional rights**

FIRST AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF         - 3 -

**every day that [ the challenged enactment] remained in effect.").  If the contrary were true, any statute older than two years would be insulated from challenge, even if its continued existence and enforcement cause additional wrongs.  *See Scheer v. Kelly*, 817 F.3d 1183, 1188 (9th Cir. 2016).**

10. Defendant Stanislaus County is local municipal body and a political subdivision of the State of California.  Stanislaus County is a significantly rural county located in the Central Valley of California and has a population of approximately 550,000 persons.  Stanislaus County's government provides countywide services such as elections and voter registration, law enforcement, jails, vital records, property records, tax collection, public health, and social services. In addition Stanislaus County serves as the local government for all unincorporated areas within its boundaries.  Stanislaus County's government is composed of the elected five-member Board of Supervisors, several other elected offices including the Sheriff-Coroner, District Attorney, Assessor, Auditor-Controller, Treasurer-Tax Collector, and Clerk-Recorder, and numerous county departments and entities under the supervision of the Chief Executive Officer.  Stanislaus County's government, including its Department of Planning and Community Development, was responsible for drafting, promulgating and approving the 2017 amendments to its Title 21 zoning ordinances at issue in this action.  These ordinances represent county policy under the federal civil rights laws, which permits them to be attributed directly to Stanislaus County for purposes of the claims asserted herein.

## FACTUAL ALLEGATIONS

11. Prior to November 16, 2017, Stanislaus County law placed no limits on the number of roosters its residents could own, so long as they did so in an otherwise lawful and peaceable manner that did not infringe on the rights of any other property owner.  Specifically, Title 21, section 21.12.530 of the Stanislaus County Zoning Ordinance, provided:

> "Small livestock farming" means the raising or keeping of more than twelve chicken hens, turkeys or twelve pigeons (other than defined in Section 21.12.500) or twelve similar fowl or twelve rabbits or twelve similar animals, or four permanent standard beehives, or any roosters, quacking ducks, geese, guinea fowl, peafowl, goats, sheep, worms or similar livestock provided that the term "small livestock farming" as used in this title shall not include hog farming, dairying or the raising or keeping for commercial purposes of horses, mules or similar livestock as determined by the board of supervisors. The keeping of animals in quantities less than described above is permitted in any district.

12.     Consistent with the language of the above section, Stanislaus County took no action against any owner of a rooster who otherwise complied with the law. CAAPG's members and those with similar interests were able to own, breed and enjoy their roosters without any government interference, so long as they did so legally and responsibly.

13.     In September 2017, Stanislaus County's Department of Planning and Community Development proposed changes to county zoning law that purported to prevent unlawful and nuisance activity but in reality trampled upon the rights of law-abiding rooster owners. The proposed changes to the law and the explanation therefor is contained in the attached Memorandum to the Stanislaus County Planning Commission, date September 7, 2017 (Exhibit A). This document is incorporated by reference as if alleged herein, in accordance with Federal Rule of Civil Procedure 10(c).

14.     These proposed amendments were adopted on October 17, 2017 and became effective on November 16, 2017. Section 21.12.530 was amended to essentially eliminate any non-commercial right to own roosters, as follows:

> "Small livestock farming" means the raising or keeping of more than a combined total of twelve chicken hens, turkeys or twelve pigeons (other than defined in Section 21.12.500) or twelve similar fowl or twelve rabbits or twelve similar animals, or four permanent standard beehives. *"Small livestock farming" as used in this title shall not allow for the keeping, in any quantity, of roosters, quacking duck, geese, guinea fowl, peafowl, worms (except for personal use), or any other small domestic animal determined by the planning director to have the potential to cause a nuisance.* The keeping of animals in quantities less than described above is permitted in any district. (Emphasis added).

15.     In addition to this blanket prohibition, Section 21.80.020 was amended to make this absolute prohibition retroactive, as follows:

> A. A lawful nonconforming use may be continued; provided, that no such use shall be enlarged or increased, nor be extended to occupy a greater area than that occupied by such use prior to the date the use became nonconforming, and that if any such use is abandoned, the subsequent use shall be in conformity to the regulations specified by this title for the district in which the land is located.
>
> *1. The keeping of animals in quantities greater than permitted by this title shall not be subject to continuation.* (Emphasis added).

16.     Thus, after the enactment of this provision, the continuation of the possession of more than zero roosters was not authorized; in other words, the non-commercial possession of roosters was absolutely prohibited. Moreover, as also indicated above, this prohibition was fully retroactive upon

FIRST AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF           - 5 -

enactment.

17. These amendments made no provision for the continued lawful possession of roosters that predated the ordinance, even if no other laws were being or had ever been violated. Moreover, there was no compensation for the elimination of rooster owners' lost property rights, nor was there any provision or guidance provided regarding the sale, transfer or destruction of roosters, which essentially resulted in the placing of many more roosters at risk of being misused by requiring law-abiding, loving owners to relinquish them.

18. The problems with Stanislaus' County's amended zoning ordinances are numerous. Specifically:

   a. The ordinances, both facially and as applied, constitute an unconstitutional regulatory taking under the United States and California Constitutions. A regulatory taking occurs where government regulation of private property is so onerous that its effect is tantamount to a direct appropriation or ouster. *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537 (2005); *Penn Centr. Transp. Co. v. City of New York*, 438 U.S. 104, 116 (1978); *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 435 n.12 (1982).

   b. Facially and as applied, the ordinances also interfere with the constitutionally protected property interests of CAAPG's constituent members in Stanislaus County and those similarly situated. *See Wedges/Ledges of Calif. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994). The Supreme Court has recognized that the Due Process Clause of the Fourteenth Amendment protects common law rights "so deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty." *Washington v. Glucksberg*, 521 U.S. 702, 720–721 (1997) (internal citations and quotation marks omitted). Stanislaus County's actions "lacked a rational relationship to a government interest." *See N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 485 (9th Cir. 2008); *Bateson v. Geisse*, 857 F.2d 1300, 1303 (9th Cir. 1988) (finding a substantive due process violation where a developer had satisfied all the conditions to receive a building permit when the city council arbitrarily initiated a zoning change that prohibited the proposed project and caused the permit to be denied).

   c. Facially and as applied, the ordinances also violate the procedural due process rights of CAAPG's constituent members and those similarly situated. The Due Process Clause of the Fourteenth Amendment protects individuals against deprivations of "life, liberty, or property." "A

liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (internal citations and quotation marks omitted). Like property rights, liberty interests can be defined by state law. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483–484 (1995). Once a state creates a liberty interest, it cannot take it away without due process. *See Swarthout v. Cooke*, 131 S.Ct. 859, 862 (2011). A state official's failure to comply with state law that gives rise to a liberty or property interest may amount to a procedural (rather than substantive) due process violation, which can be vindicated under 42 U.S.C. § 1983. *See Carlo v. City of Chino*, 105 F.3d 493, 497–500 (9th Cir.1997).

   d. Federal and state law also provide that amended zoning regulations cannot eliminate predating uses that are rendered nonconforming by a change in the law. *See Edmonds v. Los Angeles County*, 40 Cal.2d 642, 651 (1953). "The rights of users of property as those rights existed at the time of the adoption of a zoning ordinance are well recognized and have always been protected." *Hansen Brothers Enterprises, Inc. v. Board of Supervisors*, 12 Cal.4th 533, 551-552 (1996). Indeed, the law of nonconforming uses provides that once a landowner acquires a right to use the property as a nonconforming use, the established (vested) right to continue the nonconforming use is a property right that can be transferred to a successor owner. (59 Ops.Cal.Atty.Gen. 641, 656-658 (1976).)

  189 Declaratory relief is necessary based on the foregoing allegations. There is an actual and present controversy between the parties. CAAPG contends that the Stanislaus County's amended zoning ordinance – as described above – infringes on the rights of its constituent members and those similarly situated to not be subject to regulatory takings, substantive due process violations depriving them of property, the denial of property without adequate procedural due process, and the elimination of vested property rights to continue using their property in a manner rendered nonconforming by the subject amendments. CAAPG accordingly requests a judicial declaration that Stanislaus County's zoning amendments are unconstitutional.

  20. Injunctive relief is also necessary based on the foregoing allegations. There is an actual and present controversy between the parties. CAAPG contends that the Stanislaus County's amended zoning ordinance – as described above – infringes on the rights of its constituent members and those

FIRST AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF - 7 -

similarly situated to not be subject to regulatory takings, substantive due process violations depriving them of property, the denial of property without adequate procedural due process, and the elimination of vested property rights to continue using their property in a manner rendered nonconforming by the subject amendments.  If not enjoined by this Court, Stanislaus County will continue to enforce the zoning amendments in derogation of the constitutional rights of CAAPG's constituent members and those similarly situated . CAAPG's constituent members and those similarly situated have no plain, speedy, and adequate remedy at law. Damages are indeterminate or unascertainable and, in any event, would not fully redress any harm suffered or reasonably likely to be suffered in the future if an injunction is not ordered.

21. State law declaratory and injunctive relief is also necessary based on the foregoing allegations.  There is an actual and present controversy between the parties. CAAPG contends that the Stanislaus County's amended zoning ordinance – as described above – infringes on the rights of its constituent members and those similarly situated to not be subject to regulatory takings, substantive due process violations depriving them of property, the denial of property without adequate procedural due process, and the elimination of vested property rights to continue using their property in a manner rendered nonconforming by the subject amendments. CAAPG accordingly requests a judicial declaration that Stanislaus County's zoning amendments are unconstitutional under the California Constitution as well as the federal constitutional provisions identified above.  Moreover, CAAPG's constituent members and those similarly situated have no plain, speedy, and adequate remedy at law. Damages are indeterminate or unascertainable and, in any event, would not fully redress any harm suffered or reasonably likely to be suffered in the future if an injunction is not ordered.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

(Regulatory Taking in Violation of the Fifth and 14th Amendments to the U.S. Constitution and Corresponding California Constitutional Provisions; 42 U.S.C. § 1983; 28 U.S.C. § 2200, *et seq*.; Cal. Code of Civil Proc. § 1060, *et seq*.)

22. CAAPG realleges and incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

23. As alleged in detail above, Stanislaus County has effectuated a regulatory taking as to

the property rights of CAAPG's constituent members and those similarly situated, by eliminating their rights to own, possess and breed roosters on their own property, without providing any recourse or compensation.

24. Unless declared unconstitutional and enjoined, Stanislaus County will continue to violate these rights, and CAAPG's constituent members and those similarly situated will suffer irreparable harm.

25. Stanislaus County took all actions complained of under the color of state law. The ordinance amendment also constitute county policy which is sufficient to warrant the imposition of declaratory and injunctive relief against a municipal defendant under applicable law.

26. Declaratory and injunctive relief is proper here because CAAPG is informed and believes that Stanislaus County will deny that it has violated and will continue to utilize the zoning amendments to accomplish a regulatory taking of the property of CAAPG's constituent members and those similarly situated.

**SECOND CAUSE OF ACTION**

(Violation of the Substantive Due Process Clause of the 14th Amendment to the U.S. Constitution and Corresponding California Constitutional Provisions; 42 U.S.C. § 1983; 28 U.S.C. § 2200, *et seq*.; Cal. Code of Civil Proc. § 1060, *et seq*.)

27. CAAPG realleges and incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

28. As alleged in detail above, Stanislaus County has violated the substantive due process rights of CAAPG's constituent members and those similarly situated to use and enjoy their property without government interference.

29. Unless declared unconstitutional and enjoined, Stanislaus County will continue to violate these rights, and CAAPG's constituent members and those similarly situated will suffer irreparable harm.

30. Stanislaus County took all actions complained of under the color of state law. The ordinance amendment also constitute county policy which is sufficient to warrant the imposition of declaratory and injunctive relief against a municipal defendant under applicable law.

31. Declaratory and injunctive relief is proper here because CAAPG is informed and

believes that Stanislaus County will deny that it has violated and will continue to violate the substantive due process rights of CAAPG's constituent members and those similarly situated.

### THIRD CAUSE OF ACTION

(Violation of the Procedural Due Process Clause of the 14th Amendment to the U.S. Constitution and Corresponding California Constitutional Provisions; 42 U.S.C. § 1983; 28 U.S.C. § 2200, *et seq*.; Cal. Code of Civil Proc. § 1060, *et seq*.)

32. CAAPG realleges and incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

33. As alleged in detail above, Stanislaus County has violated the procedural due process rights of CAAPG's constituent members and those similarly situated not to be deprived of protected property interests without meaningful and timely procedural recourse.

34. Unless declared unconstitutional and enjoined, Stanislaus County will continue to violate these rights, and CAAPG's constituent members and those similarly situated will suffer irreparable harm.

35. Stanislaus County took all actions complained of under the color of state law. The ordinance amendment also constitute county policy which is sufficient to warrant the imposition of declaratory and injunctive relief against a municipal defendant under applicable law.

36. Declaratory and injunctive relief is proper here because CAAPG is informed and believes that Stanislaus County will deny that it has violated and will continue to violate the procedural due process rights of CAAPG's constituent members and those similarly situated.

### FOURTH CAUSE OF ACTION

(Forfeiture of Vested Property Rights Violation of the Fifth Amendment, and the Substantive Due Process Clause of the 14th Amendment to the U.S. Constitution and Corresponding California Constitutional Provisions; 42 U.S.C. § 1983; 28 U.S.C. § 2200, *et seq*.; Cal. Code of Civil Proc. § 1060, *et seq*.)

37. CAAPG realleges and incorporates by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

38. As alleged in detail above, Stanislaus County has forfeited the vested entitlement of CAAPG's constituent members and those similarly to continue being able to use their property in

manners that were lawful prior to the enactment of the subject zoning amendments.

39. Unless declared unconstitutional and enjoined, Stanislaus County will continue to forfeit these entitlements, and CAAPG's constituent members and those similarly situated will suffer irreparable harm.

40. Stanislaus County took all actions complained of under the color of state law. The ordinance amendment also constitute county policy which is sufficient to warrant the imposition of declaratory and injunctive relief against a municipal defendant under applicable law.

41. Declaratory and injunctive relief is proper here because CAAPG is informed and believes that Stanislaus County will deny that it has violated and will continue to forfeit the entitlements of CAAPG's constituent members and those similarly situated.

**REQUESTS FOR RELIEF**

CAAPG respectfully requests that the Court:

A. Issue a declaratory judgment that Stanislaus County's zoning amendments violate the federal and state constitutional rights of CAAPG's constituent members and others similarly situated;

B. Issue preliminary and permanent prohibitory injunctions against Stanislaus County's because its currently enforced zoning amendments continue to violate the federal and state constitutional rights of CAAPG's constituent members and others similarly situated;

C. Award remedies available under 42 U.S.C. §1983 and all reasonable attorneys' fees, costs, and expenses under 42 U.S.C. §1988, Cal. Code of Civil Proc. § 1021.5, or any other applicable law; and,

D. Grant any other relief the Court deems just and proper.

**JURY TRIAL DEMAND**

CAAPG demands a jury trial to the greatest extent available under the Seventh Amendment and other federal and state law.

Date: February 27, 2022                                          LAW OFFICE OF KEVIN G. LITTLE

                                                                 */s/ Kevin G. Little*
                                                                 Kevin G. Little
                                                                 Attorneys for Plaintiff
                                                                 CALIFORNIA ASSOCIATION FOR THE
                                                                 PROTECTION OF GAMEFOWL

FIRST AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF                - 11 -