Kevin G. Little, SBN 149818
**LAW OFFICE OF KEVIN G. LITTLE**
Post Office Box 8656
Fresno, California 93747
Telephone: (559) 342-5800
Facsimile: (559) 242-2400
E-Mail: kevin@kevinglittle.com

Attorneys for Plaintiff California Association for the Preservation of Gamefowl

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

CALIFORNIA ASSOCIATION FOR THE PRESERVATION OF GAMEFOWL,

Plaintiff,

v.

COUNTY OF STANISLAUS,

Defendant.

Case No. 1:20-cv-01294-DAD-SAB

**OPPOSITION OF PLAINTIFF CALIFORNIA ASSOCIATION FOR THE PRESERVATION OF GAMEFOWL TO DEFENDANTS' MOTION TO DISMISS [Fed.R.Civ.P. 12(b)(1), 12(b)(6)]**

HEARING: DECEMBER 15, 2020
TIME: 9:30 A.M.
COURTROOM: 5
THE HON. DALE A. DROZD

ACTION FILED: SEPTEMBER 9, 2020
TRIAL DATE: NOT YET SET

TO THE HONORABLE COURT:

Plaintiff California Association for the Preservation of Gamefowl ("CAAPG"), through its undersigned counsel, hereby submits this opposition to the motion to dismiss the First Amended Complaint filed by the defendant, County of Stanislaus ("Stanislaus Co.").

**INTRODUCTION**

CAAPG filed this action on September 9, 2020, asserting jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, as this is a proceeding that arises under federal civil rights law and is also an action including supplemental state law claims. CAAPG also asserted

jurisdiction under The Declaratory Judgment Act, 28 U.S.C. § 2200, *et seq*.

CAAPG's complaint asserts the following causes of action:

(1) Regulatory Taking in Violation of the Fifth and 14th Amendments to the U.S. Constitution and Corresponding California Constitutional Provisions; 42 U.S.C. § 1983; 28 U.S.C. § 2200, *et seq*.; Cal. Code of Civil Proc. § 1060, *et seq*.;

(2) Violation of the Substantive Due Process Clause of the 14th Amendment to the U.S. Constitution and Corresponding California Constitutional Provisions; 42 U.S.C. § 1983; 28 U.S.C. § 2200, *et seq*.; Cal. Code of Civil Proc. § 1060, *et seq*.;

(3) Violation of the Procedural Due Process Clause of the 14th Amendment to the U.S. Constitution and Corresponding California Constitutional Provisions; 42 U.S.C. § 1983; 28 U.S.C. § 2200, *et seq*.; Cal. Code of Civil Proc. § 1060, *et seq*.; and

(4) Forfeiture of Vested Property Rights Violation of the Fifth Amendment, and the Substantive Due Process Clause of the 14th Amendment to the U.S. Constitution and Corresponding California Constitutional Provisions; 42 U.S.C. § 1983; 28 U.S.C. § 2200, *et seq*.; Cal. Code of Civil Proc. § 1060, *et seq*.

On October 29, 2020, Stanislaus Co. filed a motion contending that (1) all CAAPG's claims are time-barred for failure to comply with California Government Code § 65009; (2) CAAPG does not have Article III standing; (3) CAAPG's Third Claim for Relief is legally insufficient; (4) CAAPG's First Claim for Relief is legally insufficient; (5) CAAPG's First Claim for Relief is an unripe as-applied challenge; and (6) CAAPG's Second Claim for Relief is legally insufficient; and (7) CAAPG's Fourth Claim for Relief fails to allege sufficient facts. This motion was granted with leave to amend. Doc. No. 18.

On February 7, 2022 Plaintiff filed its First Amended Complaint. On March 10, 2022, Stanislaus Co. filed a motion to dismiss Plaintiff's First Amended Complaint contending that (1) any facial challenge is contrary to the court's prior order and/or is untimely; (2) CAAPG's As-Applied challenges to the amendment to the zoning ordinance fails to state sufficient facts within any applicable statute of limitations; (3) CAAPG does not have Article III standing;

(4) CAAPG's Third Claim for Relief fails as a matter of law; (5) CAAPG's First Claim for Relief is legally insufficient (Plaintiff's as-applied claim for regulatory taking is unripe); (6) CAAPG's First Claim for Relief is an unripe as-applied challenge; and (7) CAAPG's Second Claim for Relief fails as a matter of law; and (8) CAAPG's Fourth Claim for Relief fails to allege sufficient facts.

As set forth more fully herein, the defendants' motion should be denied.

**SUPPORTING FACTS**

The First Amended Complaint filed by CAAPG sets forth the following factual allegations:

> 1. Effective November 16, 2017, the County of Stanislaus made it unlawful for anyone other than a commercial farmer to own a rooster, even if their ownership was responsible, in compliance with other laws, and caused no inconvenience to anyone else in the community.
>
> 2. Additionally, as of November 16, 2017, this ordinance became fully retroactive and outlawed the ownership of roosters by county residents without any exemption that would account for pre-existing, legitimate uses that predate the ordinance's enactment. As of this retroactive date, law-abiding rooster owners were obligated to destroy or get rid of their roosters, which only served to take beloved animals out of the possession of those who respect and appreciate them and render them even more available to those inclined to abuse animals and violate the law.
>
> 3. Stanislaus County's 2017 ordinance amendment sought to prohibit that which was already illegal and actionable – cockfighting and nuisance activity – but it trampled over the well-established property rights of law-abiding citizens in the process.
>
> 4. Because Stanislaus County has violated the constitutional and state law rights of its residents, and also because federal law prohibits such sweeping legislation, CAAPG brings this action seeking declaratory and injunctive relief. CAAPG also seeks similar relief under California state law.
>
> *******
>
> 8. Plaintiff-Petitioner the California Association for the Preservation of Gamefowl (CAAPG) is a non-profit, incorporated association that has as its mission the bonding together of lovers of gamefowl in order to perpetrate and improve the species, to provide standards for the maintenance and

improvement of various strains of gamefowl, to hold shows throughout the State of California to give members opportunities to show and test their birds against the highest standards, to educate members regarding improved methods for health, breeding, caring and protecting gamefowl, and to protect the legal rights of its constituent members to breed, raise and enjoy their gamefowl peaceably and lawfully. CAAPG holds annual conventions and also sponsors shows during the year. CAAPG is an affiliate of the national United Gamefowl Breeders Association. CAAPG is based in Sonora, California, but its members reside statewide, including in Stanislaus County. CAAPG asserts it has representative standing under applicable federal and state law to seek the declaratory, injunctive, and equitable relief requested herein, on behalf of its constituent members who live in Stanislaus County.

9. CAAPG's Stanislaus County membership includes persons who have become subject to the challenged ordinance since September 9, 2018, persons who have desisted form their protected activities within that same time period, as well as those who currently are in violation of the law due to their present and continuing disobedience of said ordinance and its ongoing enforcement since it was enacted. This action was filed less than two years after a CAAPG member became subject to its enforcement, less than two years after CAAPG members were harmed by the ordinance, and also less than two years since the ordinance's continued enforcement. These claims are therefore timely despite the 2017 enactment date of the subject ordinance. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 688 (9th Cir. 1993) (the statute of limitations of a statute is based on its enforcement date, not its enactment date); *Kuhnle Brothers, Inc. v. County of Geauga*, 103 F.3d 516, 518, 522 (6th Cir. 1997) ("[t]he continued enforcement of an unconstitutional statute cannot be insulated by the statute of limitations" and a statute "does not become immunized from legal challenge for all time merely because no one challenges it within two years of its enactment"). Moreover, CAAPG's membership are having their rights denied each day the challenged ordinance remains in effect to the extent that it continues to outlaw their protected activities, and they risk legal sanction due to its continued validity. *See Gutowsky v. County of Placer*, 108 F.3d 256, 259 (9th Cir. 1997); *Maldonado v. Harris*, 370 F.3d 945, 956 (9th Cir. 2004); *Pouncil v. Tilton*, 704 F.3d 568, 581 (9th Cir. 2012)(holding that constitutional and statutory claims were not barred by the statute of limitations where the defendant committed continuing acts within the limitations period, even if said acts related to a preexisting policy of which the plaintiff was aware and subject to outside the limitations period); *see also Flynt v. Shimazu*, 940 F.3d 457, 464 (9th Cir. 2019) (the continued existence of a statute, even if enacted outside the limitations period, and the realistic threat of future enforcement is sufficient to render a facial challenge to the statute timely); *Kuhnle Brothers*, 103 F.3d at 521-522 (finding that the plaintiff "suffered a new deprivation of constitutional rights every day that [ the challenged enactment] remained in effect."). If the contrary were true, any statute older than two years would be insulated from challenge, even if its

continued existence and enforcement cause additional wrongs. *See Scheer v. Kelly*, 817 F.3d 1183, 1188 (9th Cir. 2016).

10. Defendant Stanislaus County is local municipal body and a political subdivision of the State of California. Stanislaus County is a significantly rural county located in the Central Valley of California and has a population of approximately 550,000 persons. Stanislaus County's government provides countywide services such as elections and voter registration, law enforcement, jails, vital records, property records, tax collection, public health, and social services. In addition, Stanislaus County serves as the local government for all unincorporated areas within its boundaries. Stanislaus County's government is composed of the elected five-member Board of Supervisors, several other elected offices including the Sheriff-Coroner, District Attorney, Assessor, Auditor-Controller, Treasurer-Tax Collector, and Clerk-Recorder, and numerous county departments and entities under the supervision of the Chief Executive Officer. Stanislaus County's government, including its Department of Planning and Community Development, was responsible for drafting, promulgating, and approving the 2017 amendments to its Title 21 zoning ordinances at issue in this action. These ordinances represent county policy under the federal civil rights laws, which permits them to be attributed directly to Stanislaus County for purposes of the claims asserted herein.

11. Prior to November 16, 2017, Stanislaus County law placed no limits on the number of roosters its residents could own, so long as they did so in an otherwise lawful and peaceable manner that did not infringe on the rights of any other property owner. Specifically, Title 21, section 21.12.530 of the Stanislaus County Zoning Ordinance, provided:

"Small livestock farming" means the raising or keeping of more than twelve chicken hens, turkeys or twelve pigeons (other than defined in Section 21.12.500) or twelve similar fowl or twelve rabbits or twelve similar animals, or four permanent standard beehives, or any roosters, quacking ducks, geese, guinea fowl, peafowl, goats, sheep, worms or similar livestock provided that the term "small livestock farming" as used in this title shall not include hog farming, dairying or the raising or keeping for commercial purposes of horses, mules or similar livestock as determined by the board of supervisors. The keeping of animals in quantities less than described above is permitted in any district.

12. Consistent with the language of the above section, Stanislaus County took no action against any owner of a rooster who otherwise complied with the law. CAAPG's members and those with similar interests were able to own, breed and enjoy their roosters without any government interference, so long as they did so legally and responsibly.

13. In September 2017, Stanislaus County's Department of Planning and

Community Development proposed changes to county zoning law that purported to prevent unlawful and nuisance activity but in reality, trampled upon the rights of law-abiding rooster owners. The proposed changes to the law and the explanation therefor is contained in the attached Memorandum to the Stanislaus County Planning Commission, date September 7, 2017 (Exhibit A). This document is incorporated by reference as if alleged herein, in accordance with Federal Rule of Civil Procedure 10(c).

14. These proposed amendments were adopted on October 17, 2017 and became effective on November 16, 2017. Section 21.12.530 was amended to essentially eliminate any non-commercial right to own roosters, as follows: "Small livestock farming" means the raising or keeping of more than a combined total of twelve chicken hens, turkeys or twelve pigeons (other than defined in Section 21.12.500) or twelve similar fowl or twelve rabbits or twelve similar animals, or four permanent standard beehives. "Small livestock farming" as used in this title shall not allow for the keeping, in any quantity, of roosters, quacking duck, geese, guinea fowl, peafowl, worms (except for personal use), or any other small domestic animal determined by the planning director to have the potential to cause a nuisance. The keeping of animals in quantities less than described above is permitted in any district. (Emphasis added).

15. In addition to this blanket prohibition, Section 21.80.020 was amended to make this absolute prohibition retroactive, as follows:

A. A lawful nonconforming use may be continued; provided, that no such use shall be enlarged or increased, nor be extended to occupy a greater area than that occupied by such use prior to the date the use became nonconforming, and that if any such use is abandoned, the subsequent use shall be in conformity to the regulations specified by this title for the district in which the land is located.

1. The keeping of animals in quantities greater than permitted by this title shall not be subject to continuation. (Emphasis added).

16. Thus, after the enactment of this provision, the continuation of the possession of more than zero roosters was not authorized; in other words, the non-commercial possession of roosters was absolutely prohibited. Moreover, as also indicated above, this prohibition was fully retroactive upon enactment.

17. These amendments made no provision for the continued lawful possession of roosters that predated the ordinance, even if no other laws were being or had ever been violated. Moreover, there was no compensation for the elimination of rooster owners' lost property rights, nor was there any provision or guidance provided regarding the sale, transfer or destruction of roosters, which essentially resulted in the placing of many more roosters at risk of being

misused by requiring law-abiding, loving owners to relinquish them.

First Amended Complaint, ¶¶ 1-4, 8-17, pp. 1-6.

**STANDARDS OF REVIEW**

A motion under Rule 12(b)(1) asserting a lack of standing places the burden on the plaintiff to demonstrate the existing of standing supporting an exercise of subject matter jurisdiction. *Assoc. of Med. Colls. v. United States*, 217 F.3d 770, 778–779 (9th Cir. 2000); *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994). "A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack such as that raised by the moving defendants, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. [I]n a factual attack, the challenger disputes the truth of the allegations." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When a defendant files a facial challenge to jurisdiction, all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir.2004); *see also Meyer*, 373 F.3d at 1039. A standard applicable to a facial attack to standing is a rigorous one, and "if there is any foundation or plausibility to the claim, federal jurisdiction exists." 13D Wright & Miller § 3564, pp. 244–45.

A dismissal for failure to state a claim pursuant to Rule 12(b)(6) is reviewed *de novo*. *See Wilson v. Lynch*, 835 F.3d 1083, 1090 (9th Cir. 2016), *cert. denied sub nom*. *Wilson v. Sessions*, 137 S. Ct. 1396 (2017); *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011); *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *See id*. Conclusory allegations and unwarranted inferences, however, are insufficient to defeat a motion to dismiss. *See Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Cholla Ready Mix, Inc. v. Civish,* 382 F.3d 969, 973 (9th Cir. 2004); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009). Consideration of a Rule 12(b)(6) motion is generally limited to the contents of the complaint. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("A court may consider

evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.").

## ARGUMENT

### *I. CAAPG's Claims Are Not Contrary to this Court's Prior Order and/or is Untimely*

This Court indicated that ". . .of the potential that plaintiff could allege an as-applied substantive due process challenge . . . Plaintiff is therefore warned that it should only file a first amended complaint if it can do so in good faith." (Doc. No. 18 at 7).

Dismissal on statute of limitations grounds can be granted pursuant to Fed. R. Civ. P. 12(b)(6) 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (internal citations omitted). "Where a party alleges in a motion to dismiss that an action is barred under the statute of limitations, the court's task is only to determine whether the claimant has pleaded facts that show it is time barred." *Joe Hand Promotions Inc. v. Gonzalez*, 423 F. Supp. 3d 779, 782 (D. Ariz. 2019).

> CAAPG's Stanislaus County membership includes persons who have become subject to the challenged ordinance since September 9, 2018, persons who have desisted form their protected activities within that same time period, as well as those who currently are in violation of the law due to their present and continuing disobedience of said ordinance and its ongoing enforcement since it was enacted. This action was filed less than two years after a CAAPG member became subject to its enforcement, less than two years after CAAPG members were harmed by the ordinance, and also less than two years since the ordinance's continued enforcement. These claims are therefore timely despite the 2017 enactment date of the subject ordinance. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 688 (9th Cir. 1993) (the statute of limitations of a statute is based on its enforcement date, not its enactment date); *Kuhnle Brothers, Inc. v. County of Geauga,* 103 F.3d 516, 518, 522 (6th Cir. 1997) ("[t]he continued enforcement of an unconstitutional statute cannot be insulated by the statute of limitations" and a statute "does not become immunized from legal challenge for all time merely because no one challenges it within two years of its enactment"). Moreover, CAAPG's membership are having their rights denied each day the

> challenged ordinance remains in effect to the extent that it continues to outlaw their protected activities, and they risk legal sanction due to its continued validity. *See Gutowsky v. County of Placer*, 108 F.3d 256, 259 (9th Cir. 1997); *Maldonado v. Harris*, 370 F.3d 945, 956 (9th Cir. 2004); *Pouncil v. Tilton*, 704 F.3d 568, 581 (9th Cir. 2012)(holding that constitutional and statutory claims were not barred by the statute of limitations where the defendant committed continuing acts within the limitations period, even if said acts related to a preexisting policy of which the plaintiff was aware and subject to outside the limitations period); *see also Flynt v. Shimazu*, 940 F.3d 457, 464 (9th Cir. 2019) (the continued existence of a statute, even if enacted outside the limitations period, and the realistic threat of future enforcement is sufficient to render a facial challenge to the statute timely); *Kuhnle Brothers*, 103 F.3d at 521-522 (finding that the plaintiff "suffered a new deprivation of constitutional rights every day that [ the challenged enactment] remained in effect."). If the contrary were true, any statute older than two years would be insulated from challenge, even if its continued existence and enforcement cause additional wrongs. *See Scheer v. Kelly*, 817 F.3d 1183, 1188 (9th Cir. 2016).

Plaintiff filed its First Amended Complaint in good faith, indicating that the ordinance has been enforced against its members and that the as applied its claim accrued within an applicable statute of limitations period.

### *II. CAAPG's Challenges to the Amendment to the Zoning Ordinance States Sufficient Facts within any Applicable Statue of Limitations*

Each of CAAPG's claims for relief presents facial and as-applied challenges under both federal and state law and requests both legal and equitable relief, for harms that are retrospective, ongoing, and likely to reoccur in the future. The defendants rely on the 90-day filing deadline set forth in California Government Code § 65009, but that provision only applies to facial challenges to local zoning ordinances under state law. *See County of Sonoma v. Superior Court*, 190 Cal.App.4th 1312, 1326 (2010). Section 65009 and like provisions do not apply to any challenge to an ordinance under federal law, *see Wal–Mart Stores, Inc. v. City of Turlock*, 483 F.Supp.2d 987, 1003 (E.D.Cal. 2006), nor to any as-applied challenge under state law. *See Travis v. County of Santa Cruz*, 33 Cal.4th 757, 770-771 (2004); *1305 Ingraham, LLC v. City of Los Angeles*, 32 Cal.App. 5th 1253, 1263-1264 (2019). Therefore, despite

Stanislaus Co.'s argument, an application of section 65009 would not result in the dismissal of the entirety of any of the claims for relief set forth in CAAPG's complaint. Motions to dismiss that would only serve to adjudicate one of several theories of recovery are not permissible. Instead, Rule 12(b) motions must result in the dismissal of at least one entire cause of action. *See Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr*., 521 F.3d 1097, 1104 (9th Cir. 2008) (any cognizable legal theory in a cause of action requires denial of a 12(b)(6) motion).

***III. CAAPG Has Standing***

Stanislaus Co. next argues that CAAPG does not have Article III standing, but that argument overlooks some of the Complaint's allegations. As the Complaint states, CAAPG brings this action on behalf of its constituent members who reside in Stanislaus Co. and are impacted by the subject ordinance. *See* Complaint, ¶ 8. Accordingly, CAAPG has Article III standing to pursue the claims for relief on their behalf. An organization has Article III standing to bring suit on behalf of its members when: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purposes; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977); *see also United Auto Workers v. Brock*, 477 U.S. 274, 290 (1986). Individual members would have standing in their own right under Article III if they have suffered an "injury in fact" that is (a) concrete and particularized and (b) actual and imminent, not conjectural or hypothetical, the injury is fairly traceable to the challenged action of the defendant; and it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Stanislaus Co. essentially contends that CAAPG must name its particular members as part of its allegations to demonstrate standing. But that argument has been addressed and disposed of in this Circuit:

> The complaint also alleges that members of the two NAACP chapters suffered injury as a result of Nevada's failure to comply with Section 7. Citing *Summers v. Earth Island Institute*, 555 U.S. 488, 129 S.Ct. 1142, 173 L.Ed.2d 1 (2009), the district judge held that the chapters' members "must be specifically identified" in order for the chapters to satisfy Article III standing. We are not convinced that *Summers*, an environmental case brought under the National Environmental Policy Act, stands for the proposition that an injured member of an organization must always be specifically identified in order to establish Article III standing for the organization. The *Summers* Court refused to find standing based only on speculation that unidentified members would be injured by a proposed action of the National Forest Service. *Id*. at 498–99, 129 S.Ct. 1142. Where it is relatively clear, rather than merely speculative, that one or more members have been or will be adversely affected by a defendant's action, and where the defendant need not know the identity of a particular member to understand and respond to an organization's claim of injury, we see no purpose to be served by requiring an organization to identify by name the member or members injured.

*Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015). Because Stanislaus Co. is already on notice that the asserted claims are concrete and not speculative, it is unnecessary under the law of this Circuit to identify any specific members in the complaint. That is a matter to address in discovery, where appropriate protective orders can be put in place.

***IV. CAAPG's Regulatory Taking Claim Has Merit***

Stanislaus Co. attempts to rewrite CAAPG's Complaint in arguing that it has failed to allege for purposes of its regulatory taking claim that its constituent members have lost all economically uses of their land. However, CAAPG is not alleging a regulatory taking of land, but of roosters. And, with respect to those roosters, CAAPG alleges that Stanislaus Co.'s amended ordinances absolutely prohibited them, even retroactively, and provided no basis for compensation. Complaint, ¶¶ 12-16. The only people who can lawfully possess roosters in Stanislaus County are commercial farmers. Complaint, ¶ 1.

The Takings Clause provides protection against the appropriation of property, whether personal or real. *See Horne v. Department of Agriculture*, 576 U.S. 350, 362 (2015) (overruling a Ninth Circuit decision holding that personal property was entitled to lesser protection). Indeed, a per se taking occur when legislation when the only permissible

use of an owner's property post-enactment is to transfer it to a third party. *See Brown v. Legal Found. of Wash*., 538 U.S. 216, 235 (2003). CAAPG very clearly alleges a regulatory taking.

***V. CAAPG's As-Applied Regulatory Taking Claim is Appropriate***

Stanislaus Co. also contends that CAAPG's as-applied regulatory taking claim must be dismissed on ripeness grounds to the extent that it does not plead finality, or that some form of a variance was sought and denied. However, Stanislaus Co. ignores the plain language of its own amended ordinance, which provides that prior nonconforming uses shall not be permitted to continue. Complaint, ¶ 14. The Complaint also alleges that the amended ordinances absolutely prohibited roosters and did not provide for any compensation. Complaint, ¶¶ 15, 16.

Where an ordinance renders an activity absolutely illegal and does not permit a variance, one does not need to be sought to establish finality. An ordinance that is "unconditional and permanent" does not require action to demonstrate finality. *See Vacation Village, Inc. v. Clark County, Nev*, 497 F.3d 902, 912 (9th Cir. 2007). If there is some means of redress, it certainly is not demonstrable from the allegations of the Complaint, which at this stage guides the Court's analysis.

***VI. CAAPG's Substantive Due Process Claim Has Merit***

Stanislaus Co. next contends that CAAPG cannot state a substantive due process claim because it does not allege and cannot prove that the subject amendments were arbitrary or capricious. Even alongside a takings claim, a plaintiff may plead a denial of substantive due process if it alleges irrational or arbitrary conduct. *See Lyon v. Agusta S.P.A*., 252 F.3d 1078, 1086 (9th Cir.2001); *Ileto v. Glock, Inc*., 565 F.3d 1126, 1140 (9th Cir. 2009).

Setting arguments of an alleged lack of proof aside for purposes of this pleading motion, CAAPG alleges that "Stanislaus County's 2017 ordinance amendment sought to prohibit that which was already illegal and actionable – cockfighting and nuisance activity – but it trampled over the well-established property rights of law-abiding citizens in the process." Complaint,

¶ 3. CAAPG further alleges that "[t]hese amendments made no provision for the continued lawful possession of roosters that predated the ordinance, even if no other laws were being or had ever been violated. Moreover, there was no compensation for the elimination of rooster owners' lost property rights, nor was there any provision or guidance provided regarding the sale, transfer or destruction of roosters, which essentially resulted in the placing of many more roosters at risk of being misused by requiring law-abiding, loving owners to relinquish them." Complaint, ¶ 16. CAAPG also alleged that Stanislaus County's actions "lacked a rational relationship to a government interest." Complaint, ¶ 17.b.

These allegations are collectively sufficient to satisfy the standard for pleading a substantive due process violation. In *Lingle v. Chevron U.S.A. Inc*., 544 U.S. 528, the Supreme Court concluded that a challenge to land use regulation may state a substantive due process claim, so long as the regulation serves no legitimate governmental purpose. Id. at 542; *see also North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 484 (9th Cir. 2008). The Ninth Circuit has recognized that *Lingle* undid its prior "must allege either a takings or substantive due process violation" holdings. *See Crown Point Dev., Inc. v. City of Sun Valley*, 506 F.3d 851, 855-856 (9th Cir. 2007).

***VII. CAAPG's Forfeiture Claim is Amply Stated***

In contending CAAPG fails to state an unconstitutional forfeiture claim, Stanislaus Co. relies on and asks the Court to adopt its strained interpretation of its pre-amendment ordinances. See Complaint, ¶¶ 10-15. Specifically, Stanislaus Co. argues that the small livestock ordinance has never changed, and that the explicit elimination of the right to own or possess any roosters in the currently amended version was a mere clarification, i.e, the inclusion of "any roosters" in the definition of small livestock in the prior ordinance really meant "none." This is obviously not an issue that the Court can rule upon as a matter of law, and, moreover, this argument defies the plain reading of the provisions as set forth in the Complaint. Absent some compelling proof to the contrary, statutes – and ordinances – are supposed to be given their plain and ordinary meaning. *United States v. Romo-Romo*, 246

F.3d 1272, 1275 (9th Cir. 2001) ("[W]e should usually give words their plain, natural, ordinary and commonly understood meanings.").

Shifting to the other side of its mouth, Stanislaus Co. alternately contends that the amendment is in fact a change in the law, but one that is well-supported. Stanislaus Co. asks this Court to accept – on a pleadings motion – that there was an appropriate justification for the 2017 amendment, based on cites to various statistics regarding which it seeks judicial notice. However, judicial notice under Federal Rule of Evidence 201 allows a court to take judicial notice of facts that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "The existence and authenticity of a document which is a matter of public record is judicially noticeable such as the authenticity and existence of a particular order, pleading, public proceeding, or census report, which are matters of public record, but the veracity and validity of their contents (the underlying arguments made by the parties, disputed facts, and conclusions of fact) are not." *Cactus Corner, LLC v. U.S. Dep't of Agric.*, 346 F.Supp.2d 1075, 1099 (E.D. Cal. 2004), *aff'd*, 450 F.3d 428 (9th Cir. 2006). Simply stated, the Court can accept the existence of public documents and readily ascertainable facts but cannot accept their entire contents as proven fact.

Stanislaus Co. does not seem to contest that if its "proof" is rejected, that a capricious government forfeiture of a vested right may implicate constitutional concerns. Nor is the "vested rights doctrine" limited to the permit contexts, but instead extends to all property interests, whether concrete or abstract. "[A] vested right of action is property in the same sense in which tangible things are property and is equally protected from arbitrary interference.' ' *Barrett v. United States*, 798 F.2d 565, 575 (2d Cir.1986) (quoting *Pritchard v. Norton*, 106 U.S. 124, 132 (1882)).

### ***VIII. CAAPG's Procedural Due Process Claim Has Merit***

As CAAPG alleges in paragraph 17.c of the Complaint:

> c. Facially and as applied, the ordinances also violate the procedural due process rights of CAAPG's constituent members and those similarly situated. The Due Process Clause of the Fourteenth Amendment protects individuals against deprivations of "life, liberty, or property." "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (internal citations and quotation marks omitted). Like property rights, liberty interests can be defined by state law. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483–484 (1995). Once a state creates a liberty interest, it cannot take it away without due process. *See Swarthout v. Cooke*, 131 S.Ct. 859, 862 (2011). A state official's failure to comply with state law that gives rise to a liberty or property interest may amount to a procedural (rather than substantive) due process violation, which can be vindicated under 42 U.S.C. § 1983. *See Carlo v. City of Chino,* 105 F.3d 493, 497–500 (9th Cir. 1997).

Stanislaus Co.'s argument despite the above is that (1) the right to own roosters is not a protected property interest and (2) meaningful process was provided. These arguments ignore the principle applicable law and they also disregard that the ordinance amendments retroactively abrogated the rights of preexisting owners.

Procedural due process claims present two inquiries. First "whether there exists a liberty or property interest which has been interfered with by the State." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Second, "whether the procedures attendant upon that deprivation were constitutionally sufficient." *Id.* Undue interference with rights allowed under state law satisfies the first prong. *See Humphries v. County of Los Angeles*, 554 F.3d 1170, 1185, 1188 (9th Cir. 2009), *overruled on other grounds by Los Angeles County v. Humphries*, 562 U.S. 29 (2010). California state law clearly permits rooster and other property ownership (see Cal. Const., art. I § 1), and it is beyond peradventure that the subject ordinances interfere with those rights. Further, where property rights are retroactively voided, the existence of post-deprivation remedies is largely irrelevant. *See Zinermon v. Burch*, 494 U.S. 113, 136-139 (1990) (adequate post-deprivation state law remedies only bar a procedural due process claim for random and unauthorized conduct that leads to the deprivation of a protected liberty or property interest).

### *IX. If the Court Finds Any Merit to Defendants' Arguments, Leave to Amend Should Be Granted*

Because this action is obviously not intended for purposes of delay or harassment and is instead based on substantial facts alleged in good faith, leave to amend should be grated in the event that the Court finds any defect warranting relief to the defendants.

After a court has decided to grant a 12(b)(6) motion, it must then decide whether to grant leave to amend. A court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment...." Fed.R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Segalman v. SW Airlines*, 913 F.Supp.2d 941, 945 (E.D.Cal. 2012).

## CONCLUSION

Based on the foregoing, the Stanislaus Co.'s motion to dismiss should be denied in all respects. Alternatively, leave to amend should be granted.

In Fresno, California, this 24th of March 2022.

Respectfully Submitted,

**LAW OFFICE OF KEVIN G. LITTLE**

*/s/ Kevin G. Little*
Kevin G. Little
Attorneys for Plaintiff California Association for the Preservation of Gamefowl