UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA ASSOCIATION FOR THE PRESERVATION OF GAMEFOWL,<br><br>Plaintiff,<br><br>v.<br><br>STANISLAUS COUNTY,<br><br>Defendant. | No. 1:20-cv-01294-ADA-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL<br><br>(ECF Nos. 21, 37, 38) |

    This case was initiated by Plaintiff California Association for the Preservation of Gamefowl (CAAPG) ("Plaintiff") on September 9, 2020, alleging that a Stanislaus County zoning ordinance adopted in October 2017, which essentially eliminated any non-commercial rights to own roosters, infringes on the rights of its continents, thus Plaintiff seeks injunctive relief and a declaratory judgment that the zoning ordinance is unconstitutional. (*Id*.)  On March 10, 2022, Defendant filed a motion to dismiss Plaintiff's First Amended Complaint ("FAC"). (ECF No. 21.)  On September 12, 2022, the pending motion to dismiss was referred to the assigned United States Magistrate Judge for the preparation of findings and recommendations, and/or other appropriate action. (ECF No. 28.)

    On February 9, 2023, the assigned Magistrate Judge issued findings and recommendations, recommending that Defendant's motion to dismiss be granted in part and denied in part. (ECF No. 37.)  Specifically, the Magistrate Judge recommended that all facial

1

1  challenges to the ordinance as barred by the statute of limitations be dismissed without leave to
2  amend, the as-applied challenges as barred by the statute of limitations be dismissed with leave to
3  amend, the procedural due process claim be dismissed without leave to amend, the regulatory
4  taking claim be dismissed with leave to amend, the as-applied claim for regulatory taking be
5  dismissed with leave to amend, the second cause of action for substantive due process violation
6  be dismissed with leave to amend, and the fourth cause of action for forfeiture be dismissed with
7  leave to amend.  (*Id*.)  The findings and recommendations permitted the parties to file objections
8  within fourteen days.  (*Id*. at 78.)  On February 23, 2023, Plaintiff timely filed objections.  (ECF
9  No. 38.)  Defendant did not file any objections and the time in which to do so has now passed.

10  In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this
11  Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file,
12  including Plaintiff's objections, the Court finds the findings and recommendations to be
13  supported by the record and proper analysis.

14  In its objections, Plaintiff objects to the dismissals of its facial and as applies challenges
15  alleging that they were not untimely.  (ECF No. 38 at 9-10.)  Regarding the facial challenges, the
16  Court's previous order dismissing these claims found that "the zoning ordinance was
17  unconstitutional the moment it was enacted," and emphasized "[n]othing alleged in the complaint
18  suggests plaintiff was not immediately aware of the ordinance."  (ECF No. 18 at 6.)  Even though
19  these claims were previously dismissed, Plaintiff attempted to renew them in its FAC, which the
20  assigned Magistrate Judge found, and this Court agrees, is "against the weight of the law, and the
21  previous order's good faith admonitions."  (ECF No. 37 at 15-16.)  As for the as applied
22  challenges, the Plaintiff is reminded that the claims are dismissed with leave to amend, but "only
23  to the extent that Plaintiff can allege the Ordinance has actually been enforced against a particular
24  property, or at least a description of the impact of the ordinance as applied to a specific property
25  or member of the CAAPG."  (ECF No. 37 at 25.)

26  Second, Plaintiff object to the dismissal of the regulatory taking claim alleging it
27  sufficiently states a claim for relief.  (ECF No. 38 at 11-12.)  The Magistrate Judge recommended
28  dismissal of this claim but granted the Plaintiff leave to amend. Thus, this decision is not

definitive since the Plaintiff has the opportunity to amend, but "only to the extent Plaintiff can allege in good faith, facts demonstrating the regulation's economic impact, and the extent to which the regulation interferes with distinct investment-backed expectations." (ECF No. 37 at 54.)

Third, Plaintiff objects to the dismissal of the substantive due process claim alleging that it has merit. (ECF No. 38 at 12-13.) The Court found that Plaintiff's allegations in the operative complaint are nearly wholly conclusory and that they are insufficient to meet the high standard for a substantive due process challenge. (ECF No. 37 at 65.) Accordingly, the Court grants Plaintiff leave to amend to the extend Plaintiff can allege sufficient facts to meet the high requirements. (*Id*.)

Fourth, Plaintiff objects to the dismissal of the forfeiture claim alleging that is it amply stated. (ECF No. 38 at 13.) The assigned Magistrate Judge recommended dismissal, with leave to amend, since the Court found that this cause of action contains no allegation of a permit or equivalent that would apparently suffice under California law that governs the forfeiture claim. (ECF No. 37 at 70.) Thus, Plaintiff can amend this claim, but only to the extent Plaintiff can plead a form of permit or its equivalent, with such requirements of specificity and investment in relations to the vested right, satisfactory under the law. (*Id*. at 77.)

Lastly, regarding Defendant's motion to dismiss for lack of association or organization standing, the Magistrate Judge found, and the Court agrees, that it is "plausible that members of CAAPG have suffered a concrete injury and Defendant does not need to know the identity of a particular member to understand and respond to the claims of injury and to respond to the challenges mounted to the Ordinance." (ECF No. 37 at 37.) Thus, this part of Defendant's motion to dismiss will be denied. Additionally, neither the Plaintiff objected, nor the Defendant filed any objections to the findings and recommendations denying dismissal for lack of association or organization standing. (ECF No. 38.)

///

///

///

3

Accordingly,

1. The findings and recommendations issued on February 9, 2023, (ECF No. 37), are ADOPTED in full;

2. Defendant's motion to dismiss filed March 10, 2022, (ECF No. 21), is GRANTED in PART and DENIED in PART as follows:

   a. Defendant's motion to dismiss all facial challenges to the subject ordinance as barred by the statute of limitations is GRANTED without leave to amend;

   b. Defendant's motion to dismiss Plaintiff's as-applied challenges as barred by the statute of limitations is GRANTED with leave to amend subject to the parameters contained in the recommendations;

   c. Defendant's motion to dismiss for lack of association standing is DENIED;

   d. Defendant's motion to dismiss the procedural due process claim is GRANTED without leave to amend;

   e. Defendant's motion to dismiss Plaintiff's regulatory taking claim is GRANTED with leave to amend subject to the parameters explained in the recommendations;

   f. Defendant's motion to dismiss Plaintiff's as-applied claim for regulatory taking as unripe is GRANTED with leave to amend subject to the parameters explained in the recommendations;

   g. Defendant's motion to dismiss Plaintiff's second cause of action for substantive due process violation is GRANTED with leave to amend subject to the parameters explained in the recommendations;

   h. Defendant's motion to dismiss Plaintiff's fourth cause of action for forfeiture is GRANTED with leave to amend subject to the parameters explained in the recommendations; and

///

///

///

3. Plaintiff shall file any second amended complaint within twenty-one (21) days of entry of this order, only to the extent Plaintiff believes in good faith it can do so within the collective parameters and the legal standards adopted and as contained within the findings and recommendations.

IT IS SO ORDERED.

Dated: June 6, 2023

_____
UNITED STATES DISTRICT JUDGE